**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4689**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEBRA SKIPPER, a/k/a Debra Okoto Boame,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:16-cr-00082-IMK-MJA-2)

Submitted: March 19, 2018                     Decided: March 30, 2018

Before DUNCAN, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia; Kristen Leddy, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Debra Skipper of conspiring to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (2012), and aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 2, 1343 (2012). The district court sentenced Skipper to six months of imprisonment, to be followed by six months of home confinement and one year of supervised release. On appeal, Skipper contends that the district court erred in calculating her Sentencing Guidelines range because it did not apply a four-level adjustment for having a minimal role in the offense. *See* U.S. Sentencing Guidelines Manual § 3B1.2(a) (2016). We disagree.

"We accord due deference to a district court's application of the [S]entencing [G]uidelines." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. *Id.* However, "if the issue turns primarily on the legal interpretation of a guideline term, the standard moves closer to de novo review." *Id.* (alterations and internal quotation marks omitted).

The Guidelines provide for a four-level downward adjustment "[i]f the defendant was a minimal participant in [the] criminal activity." USSG § 3B1.2(a). The adjustment is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2 cmt. n.4.[*] The Guidelines commentary provides a nonexhaustive list of factors to consider in making this determination, including "the

---

[*] Guidelines commentary that "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

degree to which the defendant understood the scope and structure of the criminal activity";
"the degree to which the defendant participated in planning or organizing the criminal activity"; "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority"; "the nature and extent of the defendant's participation in the commission of the criminal activity"; and "the degree to which the defendant stood to benefit from the criminal activity." USSG § 3B1.2 cmt. n.3(C).

We conclude that the district court did not err in denying Skipper a four-level adjustment. Contrary to Skipper's contentions, the district court did not clearly err in finding that she knew that her son was planning a tax fraud scheme. While Skipper may not have known the exact details of the scheme when she purchased the Green Dot card used in the scheme, her son had emailed her that he was planning a "hustle." Furthermore, Skipper's son promised her at least $1500 for acquiring the card, demonstrating that she stood to profit from this scheme. Moreover, while Skipper testified that she did not send her son the tax forms, phone calls between the two indicate that she had in fact done so.

Accordingly, we deny Skipper's motion for bail and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3